**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GAIL V.,<br><br>   Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Case No. 2:24-cv-11166 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiff Gail V.'s ("Plaintiff") appeal of the final decision of the Commissioner ("Commissioner") of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 405(g). (ECF No. 1.) This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). Having reviewed and considered the submissions filed in connection with the appeal and having declined to hold oral argument in accordance with Local Civil Rule 78.1(b), for the reasons set forth below and for good cause shown, Plaintiff's motion to reverse the Commissioner's final decision is **DENIED**, the Commissioner's decision is **AFFIRMED**, and Plaintiff's request for attorneys' fees and costs is **DENIED**.

## I. BACKGROUND

### A. Procedural History

This matter arises out of the Commissioner's final decision denying Plaintiff's application for DIB, dated October 24, 2024. (ECF No. 1 at 2.) On October 29, 2021, Plaintiff applied for DIB alleging disability beginning May 6, 2020 based on the following allegations of impairments:

blindness or low vision, long term covid neurological defects, anxiety, depression, "PTDS [*sic*]," weakness in both her legs, trouble with balance, vertigo, headaches, acid reflux and IBS, high cholesterol, and high blood pressure. (Transcript of Proceedings ("Tr.") (ECF No. 9) at 63.[1])

At Plaintiff's request, Administrative Law Judge ("ALJ") Dina Loewy held a hearing on September 21, 2023. (*Id.* at 36–61). In a decision dated April 10, 2024, ALJ Loewy found Plaintiff was not disabled within the meaning of the Act. (*Id.* at 20.) The ALJ's decision became final when the Appeals Council declined review on October 24, 2024. (*Id.* at 1–7.) Having exhausted her administrative remedies, on December 16, 2024, Plaintiff filed her appeal with this Court pursuant to 42 U.S.C. § 405(g), seeking review of ALJ Loewy's decision. (ECF No. 1–3).

### B.    Administrative History

ALJ Loewy determined Plaintiff met the Act's insured status requirements between the alleged onset date—May 6, 2020—and the date she was last insured—September 30, 2020. (Tr. at 13–20.) ALJ Loewy employed the five-step process established by the SSA to evaluate whether the Plaintiff was eligible for social security and disability benefits. (*Id.* at 12–20.) At the time of ALJ Loewy's decision, Plaintiff was fifty-five years old and had at least a high school education. (*Id.* at 63, 50.) At step one, ALJ Loewy found Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date through the date she was last insured. (*Id.* at 14.) Plaintiff had most recently been employed as a billing assistant at an obstetrics and gynecology office and a cashier at a retail convenience store. (*Id.* at 232.) At step two, ALJ Loewy found Plaintiff had the following "medically determinable impairments": "post-acute sequelae of SARS-

---

[1] The administrative record is available at ECF Nos. 9-1 through 9-11. When citing to the administrative record, the Opinion will refer only to ECF No. 9 and page numbers as listed on the "Court Transcript Index." (*See* ECF No. 9-1.)

CoV-2 infection (PASC); headache; irritable bowel syndrome (IBS); gastroesophageal reflux disease (GERD); hemorrhoids; temporomandibular joint disorder; hypertension; deviated septum; nicotine dependence; major depressive disorder; generalized anxiety disorder; and alcohol dependence." (*Id.* at 14.) However, ALJ Loewy determined Plaintiff did not have a "severe" impairment or combination of impairments because she did not have an impairment or combination of impairments that "significantly limited [her] ability to perform basic work-related activities for [twelve] consecutive months." (*Id.*) In so doing, ALJ Loewy ultimately concluded Plaintiff is not disabled for purposes of the Act. (*Id.* at 20); *see* 20 C.F.R. § 404.1520(c) ("You must have a severe impairment. If [not], we will find that you do not have a severe impairment and are, therefore, not disabled.").

## II.    STANDARD OF REVIEW

When reviewing a final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). The Commissioner's decisions regarding questions of fact are deemed conclusive by a reviewing court if supported by "substantial evidence" in the record. 42 U.S.C. § 405(g); *see Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). A district court must affirm an ALJ's decision if it is supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *Newhouse v. Heckler*, 753 F.2d 283, 285 (3d Cir. 1985) (citations omitted). Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541,

545 (3d Cir. 2003). The Supreme Court reaffirmed this understanding of the substantial evidence standard in *Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019). To determine whether an ALJ's decision is supported by substantial evidence, a court must review the evidence in its totality. *Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). "Courts are not permitted to re-weigh the evidence or impose their own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Accordingly, a court may not set an ALJ's "decision aside if it is supported by substantial evidence, even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

## III.    THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

Under the Act, the SSA is authorized to pay SSI and DIB to "disabled" persons. 42 U.S.C. § 1382(a). A person is "disabled" if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A person is unable to engage in substantial gainful activity

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

Regulations promulgated under the Act establish a five-step process for determining whether a claimant is disabled for purposes of SSI and DIB. 20 C.F.R. § 404.1520. First, the ALJ determines whether the claimant has shown he or she is not currently engaged in "substantial

4

gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), (b); *see Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If a claimant is presently engaged in any form of substantial gainful activity, he or she is automatically denied disability benefits. *Id.* Second, the ALJ determines whether the claimant has demonstrated a "severe impairment" or "combination of impairments" that significantly limits his or her physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii), (c); *see Bowen*, 482 U.S. at 140–41. Basic work activities are defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). These activities include:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

*Id.* A claimant who does not have a severe impairment is not considered disabled. 20 C.F.R. § 404.1520(c); *see Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).

Third, if a claimant's impairment(s) is found to be severe, the ALJ then determines whether the impairment(s) meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Impairment List"). 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant demonstrates his or her impairment(s) is equal in severity to, or meets, one of the impairments on the Impairment List, the claimant has satisfied his or her burden of proof and is automatically entitled to benefits. *See* 20 C.F.R. § 404.1520(d); *see also Bowen*, 482 U.S. at 141. If the claimant's specific impairment is not listed, the ALJ will consider the most similar listed impairment to decide whether the claimant's impairment is medically equivalent. *See* 20 C.F.R. § 404.1526. If there is more than one impairment, then the ALJ must consider whether the combination of impairments equals any

listed impairment. *Id.* An impairment or combination of impairments is basically equivalent to a listed impairment if there are medical findings equal in severity to all the criteria for the one most similar. *Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir. 1992).

If the claimant is not conclusively disabled under the criteria set forth in the Impairment List, step three is not satisfied, and the claimant must prove at step four whether he or she retains the RFC to perform his or her past relevant work. 20 C.F.R. §§ 404.1520(e), (f); *Bowen*, 482 U.S. at 141. Step four involves three sub-steps:

> (1) the ALJ must make specific findings of fact as to the claimant's [RFC]; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the [RFC] to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

*Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 (3d Cir. 2000) (citations omitted). When determining RFC, an ALJ's consideration of medical opinion evidence is subject to the framework articulated in 20 C.F.R. § 404.1527 (for claims filed before March 27, 2017) or 20 C.F.R. § 404.1520c (for claims filed after March 27, 2017).

Claimants are not disabled if their RFC allows them to perform their past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), (f). However, if the claimant's RFC prevents him or her from doing so, or if the claimant has no past relevant work, an ALJ proceeds to the fifth and final step of the process. 20 C.F.R. § 404.1520(a)(4)(g). The final step requires the ALJ to "show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with [his or] her medical impairments, age, education, past work experience, and [RFC]." *Plummer*, 186 F.3d at 428; 20 C.F.R. § 404.1520(a)(4)(v). In doing so, "[t]he ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled." *Plummer*, 186 F.3d at 428; 20 C.F.R. § 404.1523.

An ALJ typically seeks the assistance of a vocational expert at this final step. *Plummer*, 186 F.3d at 428.

The claimant bears the burden of proof for steps one, two, and four. *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). Neither side bears the burden of proof for step three "[b]ecause step three involves a conclusive presumption based on the listings." *Id.* at 263 n.2; *see Bowen*, 482 U.S. at 146 n.5. An ALJ bears the burden of proof for step five. *Sykes*, 228 F.3d at 263.

On appeal, the harmless error doctrine requires a plaintiff to show, as to the first four steps: (1) an error occurred; and (2) but for that error, they might have proven their disability. *Holloman v. Comm'r of Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016). In other words, when reviewing an appeal based on the first four steps, a court considers whether the plaintiff articulated a basis for a decision in their favor, based on the existing record. If the plaintiff cannot, it is unlikely they will meet their burden of showing an error was harmful. *See, e.g.*, *Lippincott v. Comm'r of Soc. Sec.*, 982 F. Supp. 2d 358, 380–81 (D.N.J. 2013) (finding ALJ's error was harmless); *Powers v. Comm'r of Soc. Sec.*, Civ. A. No. 19–21970, 2021 WL 1207793, at *7 (D.N.J. Mar. 31, 2021) (finding the plaintiff had not demonstrated she was prejudiced by the ALJ's decision and had not shown an error occurred amounting to harm).

The court's review of legal issues within this appeal is plenary. *See Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). However, factual findings are reviewed "only to determine whether the administrative record contains substantial evidence supporting the findings." *Sykes*, 228 F.3d at 262. Substantial evidence is "less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citation omitted). Substantial evidence also "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation and internal quotation marks

omitted). When substantial evidence exists to support the Commissioner's factual findings, this Court must abide by those determinations. *See id.* (citing *Schaudeck*, 181 F.3d at 431); 42 U.S.C. § 405(g).

## IV.  DECISION

Plaintiff appeals the Commissioner's decision and asks the Court to reverse ALJ Loewy's decision and remand the action for further proceedings. (*See generally* ECF No. 13.) However, the Commissioner requests the Court affirm the Commissioner's decision because it claims the ALJ applied the correct law and relied on substantial evidence to find Plaintiff not disabled during the relevant period. (*See generally* ECF No. 17.)

### A.  ALJ Loewy's Evaluation of the Severity of Plaintiff's Impairments Was Legally Sound as It Was Supported by Substantial Evidence.

Plaintiff challenges ALJ Loewy's step two determination that her anxiety and depression do not rise to the level of severe impairment. (ECF No. 13 at 9–14.) Plaintiff's overarching arguments are that ALJ Loewy erred in the step two determination because she (1) did not consider findings of severe mental health impairments from the state psychological consultants in this matter, (2) failed to consider whether Plaintiff's impairments, even if periodically stable, would still hinder her ability to maintain full-time work, and (3) did not assess any resultant functional limitation based on Plaintiff's difficulties with concentration and attention. (ECF No. 13 at 10—14.) In response, the Commissioner contends ALJ Loewy's conclusion was correct and supported by substantial evidence because Plaintiff did not meet the Act's definition of disability. (ECF No. 17 at 10–13.) The Commissioner argues ALJ's Loewy's decision was appropriately focused on the degree of limitation caused by Plaintiff's impairments. (*Id.* at 11.)

At step two, it is the plaintiff's burden to demonstrate her medically determinable impairment or the combination of her impairments is severe. 20 C.F.R. §§ 404.1520(a)(4)(ii),

416.920(a)(4)(ii); *see also Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). A severe impairment significantly limits a plaintiff's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments does not satisfy this severity threshold if medical and other evidence only establishes "slight abnormalities which have no more than a minimal effect on an individual's ability to work." *See Newell*, 347 F.3d at 546. Critically, "[t]he existence of a medical condition does not alone demonstrate a disability for purposes of the Social Security Act." *Raglin v. Massanari*, 39 F. App'x 777, 779 (3d Cir. 2002) (citing *Petition of Sullivan*, 904 F.2d 826, 845 (3d Cir. 1990)). Therefore, at step two, the issue is not only whether the plaintiff's impairments exist but also whether the impairments "result in a functional disability that prevents [the plaintiff] from obtaining substantial gainful employment in the national economy." *Id.*

First, with respect to Plaintiff's mental health impairments, ALJ Loewy properly considered the limitations caused by such impairments. As ALJ Loewy acknowledged, although Plaintiff had some increase in her stress and anxiety because her best friend lost her husband suddenly after her house burned down, Plaintiff "maintained stability with minor adjustments to her medication regimen." (Tr. at 17–18.) ALJ Loewy also found Plaintiff had "attained sobriety for a period after attending rehabilitation" for her "significant alcohol use disorder." (*Id.* at 18.) Additionally, ALJ Loewy assessed Plaintiff's mental impairments in the context of four broad functional areas—in Social Security parlance, the "paragraph B" criteria, a reference to 20 CFR, Part 404, Subpart P, Appendix 1.[2] (*Id.*) While ALJ Loewy acknowledged Plaintiff had a "mild

---

[2] "The first functional area is understanding, remembering, or applying information. . . . The [second] is interacting with others. . . . The third functional area is concentrating, persisting, or maintaining pace. . . . The fourth functional area is adapting or managing oneself." (Tr. at 18 (internal citations omitted).)

limitation" as to the first, third, and fourth functional areas, she ultimately concluded Plaintiff's "medically determinable mental impairments caused no more than 'mild limitation' in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in [Plaintiff's] ability to do basic work activities." (*Id.* at 19.) Indeed, as to the first functional area, ALJ Loewy noted Plaintiff had "intact short- and long-term memory, . . . recalled 3/3 objects immediately and 2/3 objects after three minutes, [and that her] [v]ocabulary and fund of knowledge indicated cognitive functioning in the normal range." (*Id.* at 18 (internal citation omitted).) And as to the third functional area, she observed Plaintiff "was fully oriented and able to spell 'world' forward and backward." (*Id.* (internal citation omitted).) ALJ Loewy also determined, despite a mild limitation to the fourth functional area, Plaintiff "had intact associations, logical thinking, and appropriate thought content." (*Id.* (internal citation omitted).) Further, ALJ Loewy found Plaintiff "had no limitation" as to the second functional area.

Moreover, ALJ Loewy acknowledged receipt of "Exhibit 2F" (*id.* at 380–382), which details various "extreme difficulties" and "extreme limitations" afflicting Plaintiff but ultimately decided she could not consider this evidence given its deficiencies (*id.* at 18–19). For instance, ALJ Loewy noted "Exhibit 2F does not identify the author," and Plaintiff's representative could not confirm the same. (*Id.* at 19.) Additionally, ALJ Loewy could not determine when Exhibit 2F was authored. (*Id.*) Even assuming Exhibit 2F was authored by Dr. Mohamed Elrafei, Plaintiff's psychiatrist (*id.* at 19, 57–58), ALJ Loewy found "it was unsupported by [Dr. Elrafei's] progress notes" (*id.* at 19). ALJ Loewy also found Exhibit 2F was "inconsistent" with her primary care physician's records.[3] (*Id.*) At bottom, ALJ Loewy considered "the opinion at Exhibit 2F . . .

---

[3] Plaintiff's primary care physician is Dr. Stephanie Duarte. (Tr. at 15.)

unpersuasive." (*Id.*) Here, contrary to Plaintiff's assertion otherwise, ALJ Loewy weighed the limitations caused by Plaintiff's mental health impairments but reasonably concluded the evidence demonstrates Plaintiff's mental impairments did not cause significant functional limitations through the date last insured and were non-severe. (Tr. 18); *Raglin*, 39 F. App'x at 779.

Second, the efficacy of her medication were relevant considerations.[4] 20 C.F.R. § 404.1529(c)(3); *see also John C. v. Bisignano*, Civ. A. No. 23-4851, 2025 WL 3138919, at *8 (E.D. Pa. Nov. 10, 2025) (listing the "effectiveness . . . of medication the claimant uses to alleviate [her] symptoms" as a factor to be considered when assessing subjective symptoms). As such, Plaintiff's argument that ALJ Loewy "erred by relying on Plaintiff's 'stable' symptoms with medication as evidence that her impairments were non-severe" is unpersuasive given the plain text of the regulation and the law from this circuit. *Compare Connors v. Comm'r of Soc. Sec.*, No. 21-3219, 2022 WL 4103617, at *2 (3d Cir. Sept. 8, 2022) (citing 20 C.F.R. § 404.1529(c)(3) (iv)–(v)) ("[The] type and nature of [a] claimant's treatment are relevant factors when evaluating allegedly disabling symptoms"), *with* (ECF No. 13 at 13 (citing *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014)).

In any event, the Ninth Circuit's *Garrison* decision is distinguishable. ALJ Loewy did not "improperly single[] out a few periods of temporary well-being from a sustained period of impairment." 759 F.3d at 1017. Instead, ALJ Loewy credited the conservative management of Plaintiff's anxiety and depression with therapy and medications by Dr. Elrafei, Plaintiff's "symptomatic improvement," and the "stability" she "maintained . . . with minor adjustments to

---

[4] Notably, in support of her argument that the Commissioner failed to provide her with a full and fair hearing, Plaintiff, herself, recognizes "the ALJ must consider . . . the type, dosage, effectiveness, and side effects of any medication." (ECF No. 13 at 14 (citing 20 C.F.R. § 404.1529).)

her medication regimen." (Tr. at 18.) Stated differently, ALJ Loewy did not look at isolated incidents of improvements but rather the general stabilization Plaintiff experienced from her course of treatment. *Cf. Garrison*, 759 F.3d at 1017 ("[I]t is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working.").

Third, the Commissioner is correct—if an ALJ finds a limitation is minimal or negligible, it is not error to decline to assess a resultant functional limitation. *Holley v. Comm'r Soc. Sec.*, 590 F. App'x 167, 169 (3d Cir. 2014) (finding ALJ did not err when the resultant functional limitation assessment did not include mental limitations where plaintiff "had — at most — minor mental impairments"); (*compare* ECF No. 13 at 13, *with* ECF No. 17 at 12). Here, because ALJ Loewy concluded Plaintiff had only a "mild limitation" as to the third function area—"concentrating, persisting, or maintaining pace" (Tr. at 18), ALJ Loewy was not required to include an in-depth analysis on a resultant functional limitation stemming from Plaintiff's so-called mild limitation. *Holley*, 590 F. App'x at 169; *see also Silbaugh v. Saul*, Civ. No. 4:19-CV-1394, 2020 WL 5034140, at *9 (M.D. Pa. July 31, 2020) (collecting cases), R&R adopted by 2020 WL 5026532 (Aug. 25, 2020) ("[N]umerous courts within this Circuit have found that there is no legal requirement that a mild limitation mandates a corresponding RFC limitation.").

Accordingly, ALJ Loewy did not err when she deemed Plaintiff not disabled because her decision was supported by substantial evidence. *Connors*, 2022 WL 4103617, at *2 (citing *Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019) ("[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.' It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'").

**B. ALJ Loewy Did Not Fail to Provide Plaintiff a Full and Fair Hearing, Nor Did ALJ Loewy Fail to Develop the Record as to Plaintiff's Impairments.**

Plaintiff argues the Commissioner erred as a matter of law by failing to provide Plaintiff a full and fair hearing and failing to develop record with respect to Plaintiff's impairments. (ECF No. 13 at 14–16.) The Commissioner disagrees and points out it was Plaintiff who failed to produce sufficient evidence to demonstrate the severity of her impairments, despite being given ample opportunity to do so. (ECF No. 17 at 13–16.)

"Although the Supreme Court has described SSA administrative proceedings as 'adjudicative,' they are not classically so because they are 'non-adversarial,' and at times 'inquisitorial.'" *Anderson v. Comm'r of Soc. Sec.*, No. 21-2009, 2022 WL 1635628, at \*2 (3d Cir. May 24, 2022) (footnotes omitted). As such, the ALJ has "a duty to develop a full and fair record[,]" and "must secure relevant information regarding a claimant's entitlement to social security benefits." *Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995)

A review of the administrative record makes clear Plaintiff received a full and fair hearing. *Id.* Indeed, Plaintiff's claim that ALJ Loewy "did not facilitate or allow testimony as to the Plaintiff's functional limitations" is not borne out by the administrative record. (Tr at 44–45, 48, 49–58, 60.) ALJ Loewy expressed her "symphat[y]" for Plaintiff but confessed the record before her was "not enough." (*Id.* at 44–45.) In fact, "to give [Plaintiff] every opportunity to prove her case," ALJ Loewy invited Plaintiff's counsel to review his records for more evidence that would support a finding of a disability. (*Id.* at 48.) Based on the administrative record, it is apparent that Plaintiff's counsel agreed that the evidence before ALJ Loewy at the hearing was insufficient. (*Id.* at 59–60.) As the Commissioner correctly notes, at the hearing, "Plaintiff's counsel indicated that she understood additional evidence from the relevant period was necessary and made no request

for additional testimony or to expand the administrative hearing record." (ECF No. 17 at 15 (citing Tr. at 41).)

While ALJ Loewy was required to "secure relevant information regarding a claimant's entitlement to social security benefits," *Ventura*, 55 F.3d at 902, she was "entitled to presume that a claimant represented by counsel is making h[er] strongest case for benefits." *Alejandra D. v. Comm'r of Soc. Sec.,* Civ. A. No. CV 22-175, 2023 WL 2609134, at *8 (D.N.J. Mar. 22, 2023) (quoting *Sergio R. v. Comm'r of Soc. Sec.*, Civ. A. No. CV 21-10280, 2022 WL 2357453 (D.N.J. June 30, 2022)). Plaintiff's counsel understood ALJ Loewy's position—she was open to considering more evidence—but Plaintiff's counsel did not endeavor to supplement the evidence. (Tr. at 60); *Alejandra D.*, 2023 WL 2609134, at *8. Accordingly, the Court finds ALJ Loewy provided Plaintiff with a full and fair hearing and did not fail to develop the record as to Plaintiff's impairments.

## V.    CONCLUSION

For the reasons set forth above, Plaintiff's motion to reverse the Commissioner's final decision is **DENIED** and the Commissioner's decision is **AFFIRMED**. Accordingly, Plaintiff's request for attorneys' fees and costs is **DENIED**.

Date: December 5, 2025                              */s/ Brian R. Martinotti*
                                                   **HON. BRIAN R. MARTINOTTI**
                                                   **UNITED STATES DISTRICT JUDGE**

14